# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSIO MOLAND, ET AL., | 1:16-cv-01073-LJO-SKO |
| Plaintiffs, | ORDER GRANTING PLAINTIFF AN EXTENTION OF TIME TO FILE OPPOSITION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 6(B) |
| v. | |
| CITY OF CERES ET AL., | |
| Defendants. | ECF Nos. 30, 31 |

Defendants City of Ceres and Thomas Miller both filed motions to dismiss Plaintiffs' First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on November 23, 2016. (ECF Nos. 19, 20.) The hearing on the motions was set for December 28, 2016. Pursuant to Local Rule 230(c), the deadline for Plaintiffs to oppose the motions was December 14, 2016. On December 20, 2016, Defendants each filed replies, indicating Plaintiffs' non-opposition. (ECF Nos. 25, 26.) The same day, Plaintiffs filed oppositions to both motions. (ECF Nos. 27, 28.) Plaintiff's counsel also filed declarations explaining that they were on trial when the motions were filed and inadvertently overlooked the electronic service email notification regarding the motions. (ECF Nos. 27-1, 28-1.) As a result of this oversight, Plaintiffs' counsel failed to calendar the motions, causing them to miss the opposition

1

deadline. (*Id.*) On December 21, 2016, the Court issued a Minute Order vacating the hearing on Defendants' motions and giving Defendants until December 28, 2016 to respond to Plaintiffs' submission regarding excusable neglect for their late-filed oppositions. (ECF No. 29.) The Court has considered counsel's declarations regarding excusable neglect (ECF Nos. 27-1, 28-1) and Defendants' responses (ECF Nos. 30, 31).

Under Federal Rule of Civil Procedure 6(b), Plaintiffs may be granted an extension of time "if [Plaintiffs] failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). The Court assesses whether Plaintiffs' counsel's conduct was excusable in light of the following factors: (1) the danger of prejudice to the Defendants; (2) the length of delay and its effect on the proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the Plaintiffs; and (4) whether the Plaintiffs acted in good faith. *Pioneer Investment Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993). "[E]xcusable neglect includes 'situations in which the failure to comply with a filing deadline is attributable to negligence.'" *Marx v. Loral Corp.*, 87 F.3d 1049, 1054 (9th Cir. 1996) (quoting *Pioneer,* 507 U.S. at 394).

Here, the Court finds that there is minimal prejudice to Defendants. Defendants will still be entitled to file a reply, and the Court will grant them reasonable time to do so. Second, the length of the delay is minimal. Plaintiffs filed their oppositions six days late, apparently as soon as Plaintiffs' counsel became aware of the missed deadline. Furthermore, Defendants have not suggested, and the Court does not find, that Plaintiffs acted in bad faith in missing the deadline.

As to the reason that the extension of time is sought, the Court is troubled by counsel's apparent carelessness in failing to review ECF email notifications and to check the docket. The Court **ADMONISHES** Plaintiffs' counsel and warns him that future transgressions will be handled in a different manner. However, in light of the other factors and the Court's strong preference to decide this matter on the merits so as not to punish counsel's client for his negligence, the Court finds Plaintiffs' counsel's reasons sufficient to constitute excusable neglect. Therefore, the Court **GRANTS** Plaintiffs an

1  extension of time pursuant to Rule 6(b) and will consider Plaintiffs' late-filed oppositions. Defendants

2  **SHALL** have until January 10, 2017 to reply to Plaintiffs' oppositions. Thereafter, the matter will be

3  submitted for decision on the papers pursuant to Local Rule 230(g).

4  IT IS SO ORDERED.

5  Dated: __**January 3, 2017**__              __/s/ Lawrence J. O'Neill__
                                              UNITED STATES CHIEF DISTRICT JUDGE