Michael J. Dyer- SBN: 109297
Dustin J. Dyer SBN 274308
DYER LAW FIRM
5250 Claremont Ave. Suite 119
Stockton, California 95207
Telephone: (209) 472-3668
Fax (209) 472-3675

Attorneys for Plaintiffs
ROSIO MOLAND, et. al.

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSIO MOLAND, individually; and as guardian ad litem for Shon Moland and Mya Moland; and as administratrix of the Jason Moland Estate; SHON MOLAND; and MYA MOLAND;<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF CERES dba CERES POLICE DEPARTMENT; THOMAS MILLER; and Does 1 through 100, inclusive,<br><br>Defendants. | **Case No.: 1:16 –CV-01073-LJO-SKO**<br><br>SECOND AMENDED COMPLAINT FOR DAMAGES |

## I.

## INTRODUCTION

1. Under California law, city police departments and their officers can be liable for utilizing excessive force in performing their duties and for depriving citizens of their civil rights. Even officers' tactical conduct and decisions are relevant considerations in determining whether their actions were unreasonable. Here, the City of Ceres Police Department, through its officer THOMAS MILLER ("MILLER"), initiated a confrontation with Jason Moland and then over reacted shooting and killing Jason Moland.

SECOND AMENDED COMPLAINT FOR DAMAGES

-1-

## THE PARTIES

2. Plaintiff ROSIO MOLAND ("Plaintiff"), is the mother of plaintiffs Shon Moland and Mya Moland, the minor children of ROSIO and Jason Moland and is an individual, and was at all times hereinafter mentioned a resident of Stanislaus County, California. At all times relevant herein ROSIO MOLAND was married to Jason Moland. Plaintiff and her minor children are also the successors in interest to decedent, Jason Moland. Plaintiff will file with this Court is a Declaration of ROSIO MOLAND on behalf of herself and the other successors in interest pursuant to California Code of Civil Procedure §377.32.

3. Defendant, CITY OF CERES ("CITY"); acting through its department CERES POLICE DEPARTMENT ("POLICE") is, and at all times mentioned herein was, a political subdivision located in the State of California. The appropriate governmental claims for plaintiffs have been filed with CITY. The appropriate Governmental Claims were timely filed with the CITY on September 25, 2015, pursuant to California Government Code § 910 et. seq. CITY gave notice that it rejected this claim on November 10, 2015.

4. Defendants DOES 1-100, inclusive, are persons, corporations, or other entities that have done or will do acts otherwise alleged in this Complaint. Plaintiff is informed and believes, and on such information and belief allege, that Defendant Does 1 through 100 inclusive, at all times mentioned herein have acted and are continuing to act in concert with the Defendants named herein, and that each of them has participated in the acts and transactions which are the subject of this Complaint. The true names and capacities of Does 1 through 100, whether individual, corporate, or otherwise, are unknown to Plaintiff, who therefore sues such Defendants under such fictitious names, pursuant to the provisions of section 474 of the California Code of Civil Procedure. Plaintiff asks leave of the court to amend the complaint to allege the true names and capacities of such Defendants at such time as the same have been ascertained.

5. At all times herein mentioned, each of the defendants were, and are, the agents, servants and employees of each of the remaining defendants herein, and were at all times acting in the course and scope of said agency and employment.

**STATEMENT OF FACTS**

6. Early in 2016, while acting as an officer for POLICE, MILLER, initiated contact with Plaintiff as a former friend knowing Plaintiff was married to Jason Moland. MILLER used his position as a police officer to counsel and influence Plaintiff's relationship with her husband and attempted to persuade Plaintiff into initiating an affair with him.

7. In furtherance of this goal MILLER persuaded Plaintiff to meet him at Byer Park in Modesto, on March 29, 2015. After meeting with MILLER at Byer Park, MILLER brought Plaintiff to a local Starbucks and then brought her back to Byer Park, to further his persuasion. While conversing with Plaintiff, Jason Moland approached MILLER, carrying a BB gun.

8. Without identifying Jason Moland, ignoring ROSIO, and without identifying Jason Moland's intent, MILLER drew his service weapon and shot Jason Moland in the chest even though MILLER was not in any danger. As Jason Moland struggled for his life after being shot, MILLER realized he shot the husband of the woman he was attempting to seduce. Jason Moland died later that night, or very early the next day.

9. Plaintiff is informed and believes and thereon alleges, that as Jason Moland approached MILLER identified himself as a policer officer of the City of Ceres and in accordance with that department policies fired at Jason Moland with the intent to kill him. Once the fatal shot or shots were fired MILLER took control of the scene using his position as a police officer to direct plaintiff and control the incident scene until other police officers from another agency arrived. Once other officers arrived MILLER continued to identify himself as a Ceres police officer with authority over the scene while plaintiff was separated from the subsequent health care of Jason Moland and the investigation. MILLER'S actions from the point of identifying Jason Moland as a threat before shooting him, was in compliance with the City of Ceres police department procedures asserting authority of law over Jason Moland and plaintiff from that point until the inception of the investigation by the Modesto Police. MILLER'S

SECOND AMENDED COMPLAINT FOR DAMAGES

-3-

actions during this time frame was in compliance with standard Ceres Police procedures to assert the authority of the Ceres Police department when an individual officer is off duty in order to protect the officer and the public from injury or harm. MILLER'S actions leading up to the shooting put him in the position of danger, and his actions in compliance with Ceres Police department policies identified above, which were subsequently ratified by the Ceres Police department, of acting as an officer and using deadly force while identifying himself as an officer and acting as such violated plaintiff and Jason Moland's constitutional rights.

**FIRST CAUSE OF ACTION**
**(Negligence Pursuant to Government Code § 820 and 815.2)**
NEGLIGENCE PURSUANT TO GOVERNMENT CODE §820 AND 815.2
AS TO ALL DEFENDANTS

10. Plaintiff refers to each and every one of the above paragraphs, and incorporates those paragraphs as though set forth in full in this cause of action.

11. Plaintiff alleges this cause of action pursuant to Government Code §§ 820 and 815.2. California Government Code §820(a) provides that "a public employee is liable for injury caused by his act or omission to the same extent as a private person." Government Code §815.2(a) provides "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or personal representative."

12. A primary and fundamental objective of the Ceres Police Department is to protect and serve the public—especially those most vulnerable, like Plaintiff who was an innocent victim. On March 29, 2015, the Stockton Police Department negligently failed to protect the public, including Plaintiff and Jason Moland.

13. At all times, each Defendants owed a duty to Plaintiff and Jason Moland to follow recognized and established police procedures when confronted by a citizen.

14. Additionally, these general duties of reasonable care and due care owed to Plaintiff and Jason Moland by all Defendants include but are not limited to the following specific obligations:

SECOND AMENDED COMPLAINT FOR DAMAGES
-4-

    A. To properly and adequately hire, investigate, train, supervise, monitor, evaluate and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with the law and accepted police practices and policies;

    B. To make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights; and

    C. To refrain from making, enforcing, and/or tolerating the wrongful policies and customs.

    D. Not to use deadly force when confronted with non-deadly or serious force.

    E. Fire a weapon as a last resort.

15. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to the Plaintiffs.

16. As a direct and proximate result of each Defendant's acts as set forth above Plaintiff, her minor children and Jason Moland have suffered a permanent injuries and damage. .

17. Plaintiff, her minor children and Jason Moland also suffered the following economic damages as a result of the actions of Defendants in an amount according to proof:

    A. Past and Future Medical Expenses;

    B. Past and Future Lost income;

    C. Pain, Suffering, Scarring and Disfigurement;

    D. Loss of Consortium, care, comfort and society;

    F. Emotional distress as to ROSIO, individually only.

### SECOND CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)
### AGAINST ALL DEFENDANTS AS TO ROSIO MOLAND INDIVIDUALLY ONLY

18 Plaintiff refers to each and every one of the above paragraphs, and incorporates those paragraphs as though set forth in full in this cause of action.

19. The actions of Defendants, and each of them, were a substantial factor in causing (directly and proximately) Plaintiff's severe emotional distress in that if protocol was followed Jason Moland would not have been shot and killed in front of his wife.

### THIRD CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### AGAINST ALL DEFENDANTS

20. Plaintiff refers to each and every one of the above paragraphs, and incorporates those paragraphs as though set forth in full in this cause of action.

SECOND AMENDED COMPLAINT FOR DAMAGES

-5-

21. Defendants, in refusing to follow protocol acted with willful and reckless disregard of the probability that Plaintiff, her minor children and Jason Moland would suffer severe emotional distress. The actions of defendants were outrageous and were certain to cause severe emotional distress to Plaintiff, her minor children and Jason Moland.

22. As a result of the actions of Defendants, and each of them, Plaintiff, her minor children and Jason Moland were injured both physically and mentally. This severe emotional distress exists to the present day and is the direct and proximate result of the actions of defendants, and each of them, completed with conscious disregard for the impact of those actions on Plaintiff, her minor children and Jason Moland.

23. The actions of Defendants, and each of them, were a substantial factor in causing Plaintiff's severe emotional distress.

24. The actions of MILLER and Does 1-10 were so reckless, willful, wanton and despicable that punitive damages are required.

## FOURTH CAUSE OF ACTION, SURVIVAL ACTION

[CCP § 377.30]

25. Plaintiff realleges paragraphs 1 through and including 24 above as though fully set forth herein. This cause of action is pled against all defendants in favor of Plaintiff as on behalf of the Estate of Jason Moland.

26. During the time specified above, Defendants, acted negligently, carelessly and/or intentionally as alleged above.

27. These actions were the legal and proximate cause of the damage suffered by decedent as alleged above.

## FIFTH CAUSE OF ACTION WRONGFUL DEATH

[CCP §377.60]

28. Plaintiff realleges paragraphs 1 through 27 above as though fully set forth herein. This cause of action is pled against all defendants on behalf of Plaintiff and her minor children through Plaintiff.

29. The actions identified above were the legal and proximate cause of damage suffered by plaintiff and her minor children as a direct and proximate result of the death of Jason Moland as alleged above.

WHEREFORE, Plaintiff prays damages against Defendants as hereinafter set forth.

1. For compensatory and general damages in an amount according to proof at trial;
2. Punitive Damages in an amount according to proof at trial, as to MILLER and DOES 1-10, only
3. Past and Future Medical Expenses Plaintiff, her minor children and Jason Moland (past only) and funeral costs.
4. Past and Future Lost income of Plaintiff and Jason Moland;
5. Pain, Suffering, Scarring and Disfigurement of Jason Moland;
6. Loss of Consortium, care, comfort and society of plaintiff and her minor children;
7. Emotional distress as to ROSIO, and her minor children.
8. Attorneys' Fees and For costs of suit; and

Dated: February 3, 2017

DYER LAW FIRM

By: _____
Michael J. Dyer
Dustin J. Dyer
Attorneys for Plaintiff

SECOND AMENDED COMPLAINT FOR DAMAGES

-7-

## PROOF OF SERVICE

I, Dustin J. Dyer, certify and declare as follows:

I am over the age of 18 years, and not a party to this action. My business address is 5250 Claremont Ave. #119, Stockton, California 95207, which is located in the county where the mailing described below took place. I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing.

On February 3, 2017, at my place of business I made arrangements for a copy of Plaintiff's Second Amended Complaint to be filed electronically and served as follows:

[ XX ] By 1st Class mail - addressed to

Bradley J. Swingle
Arata, Swingle & Van Egmond
P.O. Box 3287
Modesto, CA 95354

Gary Goyette
Goyette & Associates, Inc.
2366 Gold Meadow, Suite 200
Gold River, CA 95670

[ ]   A hard copy will be hand delivered at the time of the hearing in a sealed envelope:
The envelope is addressed as follows

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: February 3, 2017

_____
Dustin J. Dyer

SECOND AMENDED COMPLAINT FOR DAMAGES

-8-